FILED
December 11, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CM_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MELISSA ANN ANDERSON, § | |
| § | |
| Plaintiff, § | |
| v. § | 5:25-CV-01166-MA |
| § | |
| AMERICREDIT FINANCIAL § | |
| SERVICES, INC., § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

Pending before the Court is the bankruptcy appeal under 28 U.S.C. § 158(a) filed by Melissa Ann Anderson ("Appellant") on September 16, 2025.[1] Appellant appeals the Order Terminating Automatic Stay and subsequent Order Denying Debtor's Emergency Motion to Reconsider entered by the Honorable Craig A. Gargotta in Bankruptcy Case No. 25-51092-CAG on August 26, 2025 and September 11, 2025, respectively.[2] Appellant filed a brief of her arguments on October 15, 2025.[3] AmeriCredit Financial Services, Inc. ("Appellee") filed a response brief on November 14, 2025.[4] After considering the briefs, record, and relevant authority, the Court **AFFIRMS** the Bankruptcy Court's rulings and **DENIES** Appellant's remaining issues as **MOOT** *for the reasons discussed below.*

  **I.**  **Background**

On May 15, 2025, Appellant filed for liquidation bankruptcy under Chapter 7 of the United States Bankruptcy Code.[5] The meeting of creditors was originally scheduled for June 24, 2025,

---

[1] Dkt. No. 1-1, at 2.
[2] Dkt. No. 1-3, at 1.
[3] Dkt. No. 3.
[4] Dkt. No. 12.
[5] Dkt. No. 1-2, at 1.

but ultimately took place on June 30, 2025.[6] Among Appellant's assets was a 2017 Cadillac Escalade (the "vehicle").[7] Appellant initially expressed an intent to reaffirm her debt on the vehicle,[8] but neither party ever drafted a reaffirmation agreement.[9]

### a. Terminating Stay and Mooting Motion to Redeem

Appellee filed a motion for relief from automatic stay with respect to the vehicle on July 15, 2025.[10] The bankruptcy court held a hearing on Appellee's motion for relief on August 4, 2025,[11] but reset it for August 25, 2025 to permit Appellant an opportunity to file a motion to redeem.[12] Appellant filed a motion to redeem the vehicle on August 8, 2025, exactly 45 days after the meeting of creditors was originally scheduled to take place.[13] On August 25, 2025, the bankruptcy court found that the automatic stay protecting Appellant's vehicle from repossession had terminated by operation of law under 11 U.S.C. § 362(h)(1)(A) because she failed to reaffirm or redeem her vehicle timely within the maximum permitted time.[14] Accordingly, the bankruptcy court mooted Appellant's Motion to Redeem,[15] and entered orders to effectuate those rulings on August 26, 2025.[16] An Order of Discharge was entered on August 28, 2025.[17]

### b. Denying Appellant's Motion to Reconsider

On August 27, 2025 Appellant filed a Motion for Reconsideration of the Order Terminating Stay requesting that the bankruptcy court reinstate the stay as to Appellant's vehicle, and permit

---

[6] Dkt. No. 4-2, at 1–2.
[7] Dkt. Nos. 4-2, at 43, 54, 59, 126.
[8] Dkt. No. 4-2, at 126.
[9] Dkt. No. 4-2, at 346–47.
[10] Dkt. No 1-2, at 3.
[11] Dkt. No. 4-2, at 338.
[12] Dkt. No. 4-2, at 354.
[13] Dkt. No. 4-2, at 4.
[14] Dkt. No. 4-2, at 369–72.
[15] Dkt. No. 4-2, at 8.
[16] Dkt. No. 4-2, at 5.
[17] Dkt. No.4-2, at 9.

Appellant to redeem the vehicle under 11 U.S.C. § 722.[18] The bankruptcy court denied Appellant's motion on September 11, 2025, finding that she "ha[d] not raised any new meritorious arguments in her Motion for Reconsideration."[19]

### c. Issues on Appeal

On September 16, 2025, Appellant timely filed her notice of appeal challenging the bankruptcy court's Order Terminating Automatic Stay and Order Denying Debtor's Emergency Motion to Reconsider.[20] This appeal was entered on the docket on September 17, 2025.[21] Appellant raises eight issues on appeal: (1) whether the bankruptcy court reversibly erred in concluding that the automatic stay protecting Appellant's vehicle had terminated by operation of law under § 362; (2) whether the bankruptcy court reversibly erred in mooting Appellant's motion to redeem upon granting Appellee's relief from automatic stay; (3) whether the bankruptcy court reversibly erred in denying Appellant's motion to reconsider; (4) whether the bankruptcy court reversibly erred in entering discharge while Appellant's motion to reconsider was still pending; (5) whether the bankruptcy court reversibly erred, as a general matter and as a matter of public interest, in disregarding her allegations that Appellee had engaged in duplicitous charging practices; (6) whether the Bankruptcy Court reversibly erred in failing to consider an ongoing class action litigation challenging Appellee's charging practices; and (7) whether the bankruptcy court reversibly erred in granting relief from automatic stay where "evidence suggests [Appellant's] loan had already been written off prior to bankruptcy."[22]

---

[18] Dkt. No. 4-2, at 5.
[19] Dkt. No. 4-2, at 286.
[20] Dkt. No. 1-1, at 2.
[21] Dkt. No. 1.
[22] Dkt. No. 1-1, at 4.

      d. *Emergency Motion for TRO*

On October 27, 2025, Appellant filed an Emergency Motion to Stay Enforcement of Bankruptcy Court Order Pending Appeal and Request for Expedited Consideration.[23] In her motion, Appellant requested that the Court grant an emergency stay of the bankruptcy court's August 26, 2025 order granting Appellee relief from the automatic stay with respect to Appellant's vehicle.[24] The Court denied Appellant's Motion on November 4, 2025.[25] On November 10, 2025, Appellant filed a Notice of Interlocutory Appeal requesting that this Court "transmit the record and Notice of Appeal to the United States Court of Appeals for the Fifth Circuit for docketing."[26]

## II.   Standard of Review

A district court acts in an appellate capacity when reviewing the findings of a bankruptcy court.[27] Its jurisdiction, which arises from Article III of the Constitution, only permits it to review matters if there is a live "case" or "controversy."[28] If there is, the reviewing district court "may affirm, modify or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."[29] The district court reviews the bankruptcy court's conclusions of law and questions of mixed law and fact *de novo* whereas it may disregard pure findings of fact only if they are clearly erroneous.[30] Matters within the discretion of a bankruptcy court, including the bankruptcy court's decision to lift an automatic stay, are reviewed only for

---

[23] Dkt. No. 5.
[24] Dkt. No. 5, at 1.
[25] Dkt. No. 9, at 6.
[26] Dkt. No. 11, at 1.
[27] 28 U.S.C. § 158(a)(1); *Perry v. Dearing (In re Perry)*, 345 F.3d 303, 308 (5th Cir. 2003).
[28] *Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)).
[29] FED R. BANKR. P. 8013.
[30] *Perry*, 345 F.3d at 309; *Bradley v. Ingalls (In re Bradley)*, 501 F.3d 421, 428 (5th Cir. 2007); *In re Mercer*, 246 F.3d 391, 402 (5th Cir. 2001); FED R. BANKR. P. 8013.

abuse of discretion.[31] This is usually an "exceptionally deferential" standard of review.[32] However, a bankruptcy court abuses its discretion when it applies an improper legal standard or bases its decision on clearly erroneous findings of fact.[33]

### III. Whether the Bankruptcy Court Reversibly Erred in Concluding that the Automatic Stay had Terminated

Appellant argues that the bankruptcy court based its August 25, 2025 determination on false factual premises that were "not merely incidental but central to the court's ruling."[34] She contends that the bankruptcy court "misapplied § 362(d) to the facts actually before it," such that "[h]ad the court properly considered the evidence of insurance coverage in the record, it would have been required to deny [Appellee]'s motion [for relief from stay] or, at minimum, to hold a hearing to resolve the factual dispute."[35]

Appellee rejects Appellant's framing to argue that regardless of whether the bankruptcy court's order was predicated on false findings of fact, the automatic stay terminated either under § 362(h) by operation of law or upon the discharge of Appellant's case, rendering Appellant's appeal moot.[36]

The Court notes, as an initial matter, that Appellant is incorrect in stating that the bankruptcy court's ruling relied on § 362(d), which grants bankruptcy courts the discretionary authority to grant a creditor relief from stay.[37] It is clear that the bankruptcy court found that the automatic stay had terminated by operation of law under § 362(h),[38] which details conditions under

---

[31] *In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002); *Matter of Mendoza*, 111 F.3d 1264, 1266 (5th Cir. 1997).
[32] *In re CJ Holding Co.*, 27 F.4th 1105, 1119 (5th Cir. 2022).
[33] *In re Crager*, 691 F.3d 671, 675 (5th Cir. 2012).
[34] Dkt. No. 1, at 13.
[35] Dkt. No. 1, at 13.
[36] Dkt. No. 12, at 6.
[37] *See* 11 U.S.C. § 362(d).
[38] Dkt. No. 4-2, at 369–72.

which an automatic stay terminates by operation of law.[39] Because the bankruptcy court concluded that the stay terminated by operation of law, it did not reach a fact-specific analysis under § 362(d).

Appellee is correct in asserting that there is no live controversy on this issue if the automatic stay protecting Appellant's vehicle did terminate by operation of law under § 362(h). Although a district court can reverse a stay-relief order, effectively revoking a creditor's legal right to repossess property, it cannot grant relief from a creditors' repossession efforts when a stay has expired, because the creditor's authority to repossess the vehicle once a stay has terminated is not court-given.[40] If, however, the bankruptcy court incorrectly concluded that the stay terminated automatically, then it erred by failing to conduct the fact-specific review necessary to make a discretionary ruling under § 362(d). Accordingly, the key question is whether the bankruptcy court erred in concluding that the automatic stay terminated by operation of law. Conducting a *de novo* review, the Court finds that the bankruptcy court did not err.

Where the language of the statute has a plain and unambiguous meaning with respect to the matter in dispute and the statutory scheme is coherent and consistent, statutory analysis ends.[41] The key statute at hand, 11 U.S.C. § 362(h), provides:

> "In a case in which the debtor is an individual, *the stay provided by subsection (a) is terminated with respect to personal property of the estate* or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, *and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)—(A) to file timely any statement of intention* required under section 521(a)(2) with respect to such personal

---

[39] *See* 11 U.S.C. § 362(h).
[40] *See In re Ruona*, 353 B.R. 688, 691–92 (Bankr. D.N.M. 2006) (citing *In re Rowe*, 342 B.R. 341, 350 (Bankr. D. Kan. 2006) ("Upon termination of the stay . . . [under § 521(a)(6) or § 362(h)] the Creditor's rights are those under applicable nonbankruptcy law."); *In re Craker*, 337 B.R. 549, 551 (Bankr. M.D.N.C. 2006); *In re Anderson*, 348 B.R. 652, 658–59 (Bankr. D. Del. 2006) (finding that the creditor was free to exercise any rights regarding collateral arising under applicable state law upon termination of the automatic stay under § 362(h)).
[41] *Salazar v. Maimon*, 750 F.3d 514, 518 (5th Cir. 2014) (quoting *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002) (internal citations omitted)).

property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable*; and (B) to take timely the action specified in such statement,* as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such.[42]

Appellant points to bankruptcy courts in other districts that have found it within their power as a court of equity to permit good-faith debtors to reaffirm or redeem past the time allotted by statute.[43] However, this interpretation is not controlling here and, in fact, such a reading runs contrary to the statute's explicit language.[44] Where other sub-sections of § 362, such as § 362(e), include provisions that allow the bankruptcy court to continue a stay,[45] § 362(h) does not.[46] Instead, § 362(h) mandates that when a debtor fails to reaffirm or redeem the property within the allotted time, the "stay provided by subsection (a) *is* terminated" and "such personal property *shall* no longer be property of the estate."[47]

A debtor may have 30 or 45 days after the date initially scheduled for the meeting of creditors to file its statement of intention and reaffirm or redeem her property under § 362(h) depending on whether 11 U.S.C. §§ 521(a)(2)(a) or 521(a)(6) applies.[48] The bankruptcy court did not determine which timeline applied in the instant case because it found that Appellant failed to

---

[42] 11 U.S.C. § 362(h) (emphasis added).
[43] Dkt. No. 1, at 10.
[44] 11 U.S.C. § 362(h).
[45] 11 U.S.C. § 362(e)
[46] *See* 11 U.S.C. § 362(h).
[47] 11 U.S.C. § 362(h)(a) (emphasis added).
[48] 11 U.S.C. § 521(a)(2)(a), (a)(6).

reaffirm or redeem within either possible time window.[49] Appellant did not file her motion to redeem her vehicle until August 8, 2025, the forty-fifth day after the meeting of creditors was initially scheduled.[50] Although she argues that she "timely performed the action required" by doing so,[51] or at the very least equitably satisfied the statute's requirements, the plain language of the statute is again defeating. Section 362(h) demands compliance with the specified action, not a good-faith attempt. A debtor must "take timely the action specified"—that is, to reaffirm or redeem—within 30-to-45 days.[52] She cannot take "any" or "some" action in furtherance of reaffirmation or redemption. Where, as here, a debtor fails to successfully reaffirm or redeem within the allotted time frame, the law demands its due.

Appellant complains in her brief that she was not afforded meaningful opportunity to redeem her property before discharge was entered.[53] In fact, Appellant had between 30 and 45 days after the meeting of creditors to either reaffirm or to attempt to redeem, and had a month between the time she filed for bankruptcy and the time this meeting of creditors took place to prepare her plan of action to do so. It does not matter whether the stay terminated on July 24, 2025 under the 30-day timeframe or on August 8, 2025 under the 45-day time frame: the "death knell" of the automatic stay tolled weeks before the bankruptcy court held its August 25, 2025 hearing.[54] The bankruptcy court's termination order merely recognized what had already taken place.[55] Accordingly, the bankruptcy court **did not reversibly err** in concluding that the stay terminated under § 362(h). The bankruptcy court's August 26, 2025 order is affirmed.

---

[49] Dkt. No. 4-2, at 370.
[50] Dkt. No. 4-2, at 1, 4.
[51] Dkt. No. 14, at 3.
[52] 11 U.S.C. § 362(h).
[53] Dkt. No. 4-2, at 8.
[54] *See In re River Hills Apartments Fund*, 813 F.2d 702, 707 (5th Cir. 1987).
[55] Dkt. No. 4-2, at 370–71.

**IV.  Whether the bankruptcy court reversibly erred in mooting Appellant's motion to redeem**

The Court next considers Appellant's claim that the bankruptcy court wrongfully mooted her motion to redeem in violation of her statutory and due process rights. As a preliminary matter, the Court notes the Notice of Appeal only raised the Order Terminating Automatic Stay and Order Denying Debtor's Emergency Motion to Reconsider as appellate issues.[56] Furthermore, Appellant did not raise the mooting of her motion to redeem in her motion to reconsider before the bankruptcy court.[57] Ordinarily, this defect would be fatal to Appellant's claim.[58] However, because Appellant is a pro se applicant, upon reviewing the record on a lenient standard of substantial compliance,[59] the Court finds that Appellant timely raised the issue of the mooting of her motion to redeem in the argument of her motion for reconsideration and notice of her appeal substantively enough to put each court on notice of her wish to raise the issue.[60] Accordingly, the Court considers the merits of the issue on appeal.

Appellant points to the language of § 722, which provides:

> "An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property *is exempted under section 522 of this title or has been abandoned under section 554 of this title*, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien in full at the time of redemption."[61]

---

[56] Dkt. No. 1, at 3.
[57] Dkt. No. 4-3, at 5.
[58] *Hormel v. Helvering*, 312 U.S. 552, 556 (1941) ("Ordinarily an appellate court does not give consideration to issues not raised below."); *LeMaire v. La. Dep't of Transp. and Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) ("Arguments not raised [below] . . . are waived and cannot be raised for the first time on appeal.").
[59] *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (cleaned up); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[60] Dkt. No. 4-2, at 285–86; Dkt. No. 1, at 4.
[61] 11 U.S.C. § 722 (emphasis added).

Appellant argues that this statute provides debtors a right to redeem any time "before discharge" that cannot be extinguished by a termination of automatic stay, and, therefore, she argues that the bankruptcy court violated her statutory and due process rights by not hearing her motion to redeem on the merits.[62] Unfortunately for Appellant, the moment the automatic stay protecting the vehicle terminated under § 362(h), she lost the capacity to exempt or abandon her vehicle and therefore lost the technical capacity to satisfy the statutory requirements to redeem her vehicle under § 722.

Redemption under § 722 is limited to personal property that is either exempted or abandoned: the debtor may pay the lienholder the replacement value of exempt property or the amount of the secured claim for abandoned property.[63]

As the language of § 362(h) plainly holds, when a debtor fails to reaffirm or redeem property within the time permitted, the automatic stay terminates *and* said property "shall no longer be property of the estate."[64] While exemption allows a debtor to "remove" certain property from the estate at the outset of the case to protect it for personal use, exempted property remains technically part of the bankruptcy estate under the legal control of the trustee until the case is resolved.[65] While many courts have compared § 362(h) to abandonment and noted that the language of § 362(h)(2) closely tracks the standard for abandonment by allowing the trustee to submit a motion to prevent the removal of property that is "of consequential value or benefit to the

---

[62] Dkt. No. 1, at 10.
[63] *See* 11 U.S.C. § 722.
[64] *In re Ruona*, 353 B.R. 688 (Bankr. D.N.M. 2006) (citing *In re Rowe*, 342 B.R. 341, 346 (Bankr. D. Kan. 2006) ("'Taken together, the BAPCPA revisions to the Code . . . provide unambiguous consequences if a chapter 7 debtor fails to enumerate in a statement of intention whether he or she plans to redeem, reaffirm or surrender: The automatic stay is terminated and the collateral at issue is no longer estate property'.") (internal quotations omitted).
[65] *See* 11 U.S.C. § 522.

estate,"[66] the Court does not read this to mean that property removed under § 362(h) is statutorily abandoned under § 554. Abandonment requires the trustee to determine the property is "burdensome" or of "inconsequential value to the estate," the inverse of § 362(h)(2)'s determination requirement, along with notice to interested parties and either a court order or an implicit act recognized under § 554(c) authorizing its removal from the estate.[67] None of the requirements for abandonment were satisfied before the property was removed from the estate when the automatic stay terminated by operation of law. Thus, Appellant could no longer claim its exemption or seek its abandonment under §§ 522 or 554 at the time of the August 25, 2025 hearing. Accordingly, the Court finds the bankruptcy **court did not reversibly err** in mooting her motion to redeem.

> V.     Whether the bankruptcy court reversibly erred in denying Appellant's motion to reconsider

Appellant does not provide the arguments she raised before the bankruptcy court in her motion for reconsideration in her brief or the appeal record.[68] Reviewing the record, however, it seems that Appellant's main argument before this court and the bankruptcy court was that the bankruptcy court issued its original order terminating the stay "in error" because it premised its conclusion on factual inaccuracies, including a statement that Appellant's counsel failed to appear at the hearing and that the vehicle in question was uninsured.[69] As this Court discussed in its November 4, 2025 order,[70] although the Bankruptcy Court's August 26, 2025 order had

---

[66] *Noland v. HSBC Auto Fin., Inc. (In re Baine)*, 393 B.R. 561, 567–68 ("[T]he operation of § 362(h) is functionally equivalent to an abandonment [because] it has the effect of divesting the estate of all its interests in the property.") (internal citations omitted).
[67] *See* 11 U.S.C. § 554.
[68] *See* Dkt. Nos. 1, 1-1, 4-2.
[69] Dkt. No. 1-1, at 3–4; Dkt. No 14, at 6.
[70] Dkt. No. 9.

unfortunate typographical errors,[71] the bankruptcy court's reasoning for issuing the stay-termination order discussed at the August 25, 2025 hearing was sound.[72] Appellant is under the mistaken belief that the court's typographical errors somehow invalidate its August 26, 2025 order. She consistently maintains the errors formed the basis for that court's finding that the automatic stay was terminated.[73] Unfortunately for Appellant, this is not the case. As discussed *supra*, the bankruptcy court did not err in either terminating the stay or mooting Appellant's motion to redeem because these occurred by operation of law. Accordingly, the bankruptcy court **did not err** by denying Appellant's motion for reconsideration where she raised no new meritorious arguments.[74]

### VI. Whether the bankruptcy court reversibly erred in closing the case while Appellant's motion to reconsider was still pending

Discharge in Chapter 7 filings is a ministerial act, mechanically entered by the clerk of court when certain parameters are satisfied.[75] It has only the effect of lifting stays for dischargeable debts. As such, the fact that a challenge to a stay-termination order is pending does not suspend or prevent discharge.[76] Although a meritorious motion for reconsideration may result in the reopening of a case or the initiation of new proceedings, it does not retroactively reverse a discharge.[77] Accordingly, the bankruptcy court **did not reversibly err** in entering discharge while Appellant's motion for reconsideration was pending.

---

[71] Dkt. No. 4-2, at 286 n. 1.
[72] Dkt. No. 9, at 4.
[73] Dkt. Nos. 1, 1-1, 14.
[74] Dkt. No. 4-2, at 286.
[75] *See* 11 U.S.C. § 727.
[76] *See id.*
[77] *See* 11 U.S.C. § 350(b), 727(d); *see also* FED R. BANKR. P. 5010.

VII. **Whether the bankruptcy court reversibly erred in disregarding Appellee's alleged duplicitous charging practices**

A district court serving in an appellate capacity cannot consider new evidence, affidavits, documents, or facts outside of the official bankruptcy record.[78] It is unclear from the provided record if or when Appellant raised these arguments before the bankruptcy court. Regardless of whether or when Appellant raised these arguments, they would not have the effect of mitigating the termination of stay by operation of law, the subsequent mooting of Appellant's motion to redeem, or the subsequent denial of Appellant's motion for reconsideration for the same reasons discussed *supra*. Resultingly, the Court finds that the bankruptcy court **did not err** in declining to consider these factors

VIII. **Whether the Bankruptcy Court reversibly erred in granting relief from automatic stay without considering an ongoing class action litigation challenging Appellee's charging practices**

Appellant does not cover in her brief how or when she raised the topic of any ongoing class action litigation related to Appellee's lending practices in her bankruptcy proceedings, nor does she discuss how the bankruptcy court's failure to consider it when granting relief from automatic stay constitutes reversible error. However, as discussed at length *supra*, the bankruptcy court **did not commit reversible error** in declining to conduct a fact-specific assessment after determining that the automatic stay had already terminated under § 362(h).

---

[78] *Treece v. Andrews*, 188 F. App'x 230, 231 (5th Cir. 2006) (quoting *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n. 26 (5th Cir. 1999) ("An appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling.")).

IX. **Whether the bankruptcy court reversibly erred in granting relief from automatic stay where "evidence suggests [Appellant's] loan had already been written off prior to bankruptcy"**

Again, the Court notes that because the bankruptcy court was obligated to conclude that the automatic stay terminated by operation of law, its failure to consider any circumstances specific to the case **was not reversible error.**

X. **Notice of Interlocutory Appeal**

A district court's denial of a stay pending a bankruptcy appeal is not a final order.[79] Accordingly, Appellant may appeal this Court's denial order to the Fifth Circuit pursuant to a writ of mandamus or a certification of interlocutory appeal.[80] Courts of appeals have jurisdiction over appeals from certain interlocutory orders, however, this jurisdiction is lost when "[a] denial of permanent relief moots the appeal from a denial of preliminary relief."[81] Finding that this Court's November 4, 2025 denial of a stay pending Appellant's bankruptcy appeal merges with this final judgment, the Court finds Appellant's request for writ **MOOT**.

XI. **Conclusion**

While a bankruptcy court may grant relief from an existing stay at its discretion, it cannot reverse time for a stay that has already terminated. A debtor's failure to act within the short windows afforded her in Chapter 7 filings may result in harsh outcomes, but a bankruptcy court is not at liberty to deny the law as it is plainly written. Here, the effect of § 362(h) was clear: the automatic stay terminated by operation of law. Neither the bankruptcy court's issuance of stay-

---

[79] *See In re Barrier*, 776 F.2d 1298, 1299 (5th Cir.1985)
[80] *In re Babcock & Wilcox Co.*, No. CIV. A. 00-1154, 2000 WL 823473, at *1 (E.D. La. June 22, 2000) (citing *See Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 254 (1992); *In re El Paso Electric Co.,* 77 F.3d 793, 794–95 (5th Cir. 1996)).
[81] *Satanic Temple, Inc. v. Texas Health & Hum. Serv. Comm'n*, 79 F.4th 512, 514 (5th Cir. 2023) (quoting *Koppula v. Jaddou*, 72 F.4th 83, 84 (5th Cir. 2023).

termination order, nor its mooting of Appellant's motion to redeem, nor its discharge order were discretionary. As such, the bankruptcy court did not err in declining to consider any of the factual issues Appellant now raises on appeal, nor did it err in denying Appellant's motion for reconsideration where she raised no new arguments. Accordingly, the Court **AFFIRMS** the Bankruptcy Court's issuing of the order terminating automatic stay, mooting of the motion to redeem, entry of discharge, and denial of Appellant's motion for reconsideration, and **DENIES** as **MOOT** Appellant's request for writ. The Court further finds that any error committed by the Bankruptcy Court was not reversible and resolves all of the issues on appeal against Appellant.

IT IS SO ORDERED.
DONE this 11th day of December, 2025, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE